## MO. PAC. R'Y CO. v. RAINS & HEARD.

### (No. 2133.)

APPEAL from Wood County. Opinion by HURT, J.

WHITTAKER & BONNER, counsel for appellant.

GILES & KUTEMAN, counsel for appellees.

§ 66. *Overcharge on freight; penalty for is not repealed; case stated.* Appellees brought this suit to recover the penalty of $500 for an overcharge by appellant, made upon certain freight shipped by them over appellant's line of railway, from Dallas to Mineola. They recovered judgment for the said sum and costs. *Held,* that the penalty prescribed in article 4258 of the Revised Statutes for overcharge on freight is in force. It was not repealed by the act of April 10, 1883. [Gen. Laws 18th Leg. 67; Etter v. R. R. Co. 2 W. Con. Rep. p. 48.]

§ **67.** *Notice of overcharge; service of, upon agent.* The notice of the overcharge upon the freight was served upon one Booth, appellant's freight agent at Mineola. Booth, however, was not the agent who received said overcharge; but one Clark, who at the time of such overcharge was appellant's freight agent at Mineola, received said overcharge. At the time the notice was served, Clark had been superseded in said agency by Booth. *Held,* that the service of the notice upon the agent Booth was a compliance with the law.

§ **68.** *Bill of lading and expense bill; appellee was not bound to deliver same to appellant; unreasonable require-ment in contract of shipment.* The expense bill delivered to appellees by appellant contained the following stipulation: " Claims for overcharge, loss or damage must invariably be accompanied by original bills of lading and expense bill." Appellees did not accompany their notice and claim of overcharge with the original bill of lading or expense bill. *Held:* It was not reasonable to require of the aggrieved parties to surrender to their adversary the only written evidence of the overcharge. The law requires the aggrieved party to give to the company or its agent notice, and from this notice the company is fully prepared to make all necessary investigation of the matter.

December 16, 1885. Affirmed.